UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Ricky Hernandez, on behalf of himself and all others similarly situated,<br><br>      Plaintiff,<br><br>v.<br><br>WTS International, LLC d/b/a Arch Amenities Group,<br><br>      Defendant. | Case No. 1:24-cv-09931-LGS<br><br>So Ordered.<br><br>LORNA G. SCHOFIELD<br>UNITED STATES DISTRICT JUDGE<br><br>Dated: June 12, 2025<br>New York, New York |

## STIPULATED PROTECTIVE ORDER
## AND FRE 502(D) AND (E) PRIVILEGE CLAWBACK AGREEMENT AND ORDER

WHEREAS, discovery proceedings in the above-captioned action (the "Litigation") will necessarily involve the production of certain information which the parties to the Litigation (the "Parties," each a "Party") believe to be confidential and sensitive, or otherwise nonpublic information;

WHEREAS, the parties have agreed to stipulate to protect certain privileged and otherwise protected documents, data (including electronically stored information), and other information, including, without limitation, metadata (collectively "Documents"), against claims of waiver and inadvertent production in the event they are produced during the course of this litigation, whether pursuant to a Court Order, a parties' discovery request, or informal production;

WHEREAS, the parties may be required to produce large volumes of Documents. The parties wish to comply with discovery deadlines and complete discovery as expeditiously as possible, while preserving and without waiving any evidentiary protections or privileges applicable to the information contained in the Documents produced, including as against third parties and other Federal and State proceedings, and in addition to their agreement, need the

additional protections of a Court Order under FRE 502(d) and (e) to do so;

WHEREAS, in order to comply with applicable discovery deadlines, a party may be required to produce certain categories of Documents that have been subject to minimal or no attorney review (the "Disclosures").

This Stipulation and Order is designed to foreclose any arguments that by making such Disclosures, the disclosure or production of Documents subject to a legally recognized claim of privilege, including, without limitation, the attorney-client privilege, work-product doctrine, or other applicable privilege:

(a) was not inadvertent by the Producing Party;

(b) that the Producing Party did not take reasonable steps to prevent the disclosure of privileged Documents;

(c) that the Producing Party did not take reasonable or timely steps to rectify such Disclosure; and/or

(d) that such Disclosure acts as a waiver of applicable privileges or protections associated with such Documents;

WHEREAS, because the purpose of this Stipulation is to protect and preserve privileged Documents, the parties agree they are bound as follows from and after the date their counsel have signed it, even if such execution occurs prior to Court approval.

IT IS HEREBY STIPULATED AND AGREED, pursuant to Federal Rule of Civil Procedure 26(c) and Rules 502(d) and (e) of the Federal Rules of Evidence, through their undersigned counsel and subject to the approval of the Court, that this Proposed Protective Order and Privilege Clawback Order (the "Order") will govern the handling of documents, electronically stored information ("ESI"), deposition testimony, deposition exhibits, deposition transcripts,

written discovery requests, interrogatory responses, responses to requests to admit, and responses

to requests for documents, and any other information or material produced, given, or exchanged,

including any information contained therein or derived therefrom ("Discovery Material") by or

among any Party or non-Party providing Discovery Material (each a "Producing Party") in the

Litigation, and by or among any Party or non-Party receiving such Confidential Discovery

Material (the "Receiving Party").

   1. _____

**"Confidential" Discovery Material.**  Any Party or Producing Party may designate

any Discovery Material as "Confidential" under the terms of this Order if such Party or Producing

Party in good faith reasonably believes that such Discovery Material contains confidential,

proprietary or commercially or personally sensitive information that requires the protections

provided in this Order or would not normally be revealed to third parties except in confidence.  If

a document is independently obtained from a third party, and not subject to an agreement of

confidentiality, such document need not be treated as "confidential" by any party.  Any document

or information provided or produced by one Party to another Party prior to this litigation is to be

designated and treated as "confidential" if that document or information was previously produced

under a previous confidentiality agreement.

   2. <u>**"Highly Confidential -- Attorneys' Eyes Only" Discovery Material.**</u>  Any Party

or Producing Party may designate any Discovery Material as "Highly Confidential -- Attorneys'

Eyes Only" under the terms of this Order if such Party or Producing Party in good faith reasonably

believes that such Discovery Material contains confidential information that would not normally

be revealed to third parties and could cause financial, competitive, commercial, or other harm if

revealed to third parties other than Counsel of Record for the Parties.  The "Highly Confidential -

- Attorneys' Eyes Only" designation may include, but is not limited to, financial information,

customer lists, personnel information, product plans and technical information pertaining to products or their operation, proprietary code, design files, design specifications, financial and accounting information that is not made publicly available, business and marketing plans or analyses, surveys, customer communications, meeting minutes, employment records, and similar information provided that the information meets the foregoing requirements. Any document or information provided or produced by one Party to another Party prior to this litigation is to be designated and treated as "Highly Confidential -- Attorneys' Eyes Only" if that document or information was previously produced under a previous confidentiality agreement.

3. **Manner of Designation.** The designation of Discovery Material as "Confidential", or "Highly Confidential -- Attorneys' Eyes Only", shall be made in the following manner:

a. In the case of documents, ESI, or other materials (apart from depositions or other pretrial testimony): (i) by affixing the legend "Confidential" and/or "Highly Confidential -- Attorneys' Eyes Only" to such Discovery Material; or (ii) in the case of ESI produced in native format, by including "Confidential" and/or "Highly Confidential -- Attorneys' Eyes Only" in the file or directory name, or by affixing the legend "Confidential" and/or "Highly Confidential -- Attorneys' Eyes Only" to the media containing the Discovery Material (*e.g.*, CD-Rom, DVD).

b. In the case of depositions or other pretrial testimony: (i) by a statement on the record, by counsel, at the time of such disclosure or before the conclusion of the deposition or testimony; or (ii) by written notice, sent to all Parties within ten (10) business days of the deposition or other pretrial testimony; provided that only those portions of the transcript designated as "Confidential" or "Highly Confidential -- Attorneys' Eyes Only" shall be deemed "Confidential" or "Highly Confidential -- Attorneys' Eyes Only". The Parties may modify this procedure for any particular deposition or other pretrial testimony, through agreement on the record at such

4

deposition or testimony, without further order of the Court.

4. **Good Faith Basis.** The designation of Discovery Material as "Confidential" or "Highly Confidential -- Attorneys' Eyes Only" shall constitute a representation that such Discovery Material has been reviewed by an attorney representing the Party making the designation, and that there is a good faith basis for such designation.

5. **Inadvertent Failure to Designate.** The inadvertent failure to designate Discovery Material as "Confidential" or "Highly Confidential -- Attorneys' Eyes Only" shall not constitute a waiver of such claim and may be corrected: (i) by supplemental written notice designating such Discovery Material as "Confidential" or "Highly Confidential -- Attorneys' Eyes Only"; or (ii) in a manner consistent with Paragraph 3. Upon receiving such supplemental notice, the Parties shall thereafter treat the Discovery Material so designated as "Confidential" or "Highly Confidential -- Attorneys' Eyes Only" accordingly, and such Discovery Material shall be fully subject to this Order from the date of such supplemental notice forward. The Producing Party shall thereafter reproduce the Discovery Material with the correct designation.

6. **Use of Confidential Discovery Material.** Confidential Discovery Material may be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part only to the following persons:

a. Outside counsel who represent Parties in this Litigation, and the partners, associates, paralegals, secretaries, clerical, regular, and temporary employees and service vendors of such counsel (including outside copying and litigation support services) who are assisting with the Litigation;

b. Experts or consultants of a Party assisting counsel for the Parties, and partners, associates, paralegals, secretaries, clerical, regular and temporary employees, and service

vendors of such experts or consultants (including outside copying services and outside support services) who are assisting with the Litigation and which vendors have signed the "Agreement to Be Bound" (Exhibit A) on behalf of all employees of the vendor;

c.      In the case of a Party that is an entity, the Party's directors, officers, employees, in-house counsel, general partners and limited partners of the Parties, or any subsidiary or affiliate thereof, who are assisting with or making decisions concerning the Litigation;

d.

In the case of a Party that is an individual, the Party themself insofar as such Party is assisting with or making decisions concerning the Litigation;

e.

Any person indicated on the face of a document to be the author, addressee, or an actual or intended recipient of the document;

f.      The Court, persons employed by the Court, and court reporters, stenographers, and videographers transcribing or recording any hearing or deposition in this Litigation or any appeal therefrom;

g.       Any mediator agreed to by the Parties or who is assigned by the Court to hear this matter, and his or her staff, subject to their agreement to maintain the confidentiality to the same degree as required by this Order;

h.

Any other person only upon (i) order of the Court entered upon notice to the     Parties,    or    (ii) written stipulation of, or statement on the record by, the Producing Party who provided the Discovery Material being disclosed.

To the extent that testimony is sought concerning Confidential Discovery Material during any deposition or other pretrial venue, either Party may exclude any person from the deposition or

other venue during such testimony if the Confidential Discovery Material may not be disclosed to

7.    **Use of "Highly Confidential -- Attorneys' Eyes Only" Discovery Material.**

"Highly Confidential -- Attorneys' Eyes Only" Discovery Material may be disclosed, summarized,

described, characterized, or otherwise communicated or made available in whole or in part only to

the following persons:

a.    The Court, persons employed by the Court, and court reporters, stenographers, and videographers transcribing or recording any hearing or deposition in this Litigation or any appeal therefrom;

b.    Outside counsel of record who represent Parties in this Litigation, and the partners, associates, paralegals, secretaries, clerical, regular and temporary employees and service vendors of such counsel (including outside copying and litigation support services) to whom it is necessary that the "Highly Confidential -- Attorneys' Eyes Only" Discovery Material be shown for purposes of the Litigation;

c.    Experts or consultants of a Party assisting counsel for the Parties, who are assisting with the Litigation to whom it is necessary that the "Highly Confidential -- Attorneys' Eyes Only" Discovery Material be shown for purposes of the Litigation, and which vendors have signed the "Agreement to Be Bound" (Exhibit A);

d.    Potential witnesses to the extent the "Highly Confidential -- Attorneys' Eyes Only" Discovery Material person indicated on the face of a document to be the author, addressee, or an actual or intended recipient of the document to be established before the "Highly Confidential -- Attorneys' Eyes Only" Discovery Material is disclosed to them;

   e.  Any mediator agreed to by the Parties or who is assigned by the Court to hear this matter, and his or her staff, subject to their agreement to maintain the confidentiality to the same degree as required by this Order;

   f.  Any other person only upon (i) order of the Court entered upon notice to the Parties, or (ii) written stipulation of, or statement on the record by, the Producing Party who provided the Discovery Material being disclosed.

  8. **Limitation on Use.** All Discovery Material (including "Confidential" or "Highly Confidential -- Attorneys' Eyes Only" Discovery Material of any Party or Third Party) shall be used solely for purposes of the Litigation and shall not be used for any other purpose, including, without limitation, any business or commercial purpose, or any other litigation or proceeding that does not arise out of or otherwise relate to this litigation; provided, however that the foregoing shall not apply to Discovery Material that is or becomes part of the public record through no breach of the Order.  Nothing contained in this Order shall be construed to limit any party's rights to use, in taking depositions or in filing briefs or in any proceeding in this litigation (including trial), any Confidential Discovery or any filing made under seal; provided, however, that any Confidential Discovery Material set forth in any document, testimony, information, and any sealed filing so used shall not lose its confidentiality status through such use, and its confidentiality status shall be protected in conformance with this Order.  Any party may request that the Court receive designated evidence in camera or under other conditions to prevent disclosure, and any party may object to such treatment as set forth in paragraph 10.  Nothing contained in this Order shall prevent or inhibit counsel of record from either complying with ethical obligations to properly advise their respective clients with regard to matters in this litigation, or rendering legal advice that may rest upon counsel's review of "Confidential" or "Highly Confidential -- Attorneys' Eyes Only" Discovery

Material.

9.    **Filing.**  Any document filed with the Court in the Litigation, which discloses, summarizes, describes, characterizes, or otherwise communicates "Confidential" or "Highly Confidential -- Attorneys' Eyes Only" Discovery Material, shall be filed under seal in accordance with the Local Rules of the United States District Court for the Southern and Eastern Districts of New York. Specifically, documents must be filed under seal as provided in the Court's Individual Rule I.D.3 and shall remain under seal until further order of the Court.

10.    **Challenging Designations.**  During the pendency of the Litigation, any Party objecting to the designation of any Discovery Material as "Confidential" or "Highly Confidential -- Attorneys' Eyes Only", after making a good faith effort to resolve any such objection, may move on reasonable notice for an order modifying the designation.  While such an application is pending, the Discovery Material or testimony in question shall be treated as initially designated by the Producing Party pursuant to this Order.  The Producing Party asserting that the material is "Confidential" or "Highly Confidential -- Attorneys' Eyes Only" Discovery Material shall have the burden of proving that the Discovery Material in question warrants the protection afforded by (and the particular designation made pursuant to) this Order, Rule 26(c), or other applicable law.

11.    **No Admissions by the Parties.**  Entering into this Order, or agreeing to and/or producing or receiving Discovery Material or otherwise complying with the terms of this Order shall not:

    a.    Prejudice in any way the rights of any Party to (i) seek production of documents or information they consider subject to discovery, or (ii) object to the production of documents or information they consider not subject to discovery;

    b.    Prejudice in any way the rights of any Party to object to the authenticity or

admissibility into evidence of any Discovery Material;

c.    Operate as an admission by any Party that any particular Discovery Material constitutes "Confidential" or "Highly Confidential -- Attorneys' Eyes Only" Discovery Material;

d.    Prejudice in any way the rights of any Party to (i) petition the Court for a further protective order relating to any purportedly "Confidential" or "Highly Confidential -- Attorneys' Eyes Only" Discovery Material; or (ii) seek a determination by the Court whether any Discovery Material should be, or not be, subject to the terms of this Order;

e.    Prevent any Party from agreeing to alter or waive the provisions or protections provided herein with respect to any particular Discovery Material.

12.    **No Restriction on Use of Party's Own Discovery Material.**  This Order has no effect upon, and shall not apply to, a Party's use or disclosure of its own Discovery Material for any purpose.  Nothing herein shall  (i) prevent a Party from disclosing its own Discovery Material; or (ii) impose any restrictions on the use or disclosure by a Party of documents, materials, or information designated as "Confidential" or "Highly Confidential -- Attorneys' Eyes Only" but obtained lawfully by such Party independently of the discovery proceedings in the Litigation, and not otherwise subject to confidentiality restrictions.

13.    **Inadvertent Production.**  Pursuant to FRE 502(d) and (e), the parties agree to and the Court orders protection of privileged and otherwise protected Documents against claims of waiver (including as against third parties and in other federal and state proceedings) as follows:

a.    The disclosure or production of Documents by a Producing Party subject to a legally recognized claim of privilege, including, without limitation, the attorney-client privilege and the work-product doctrine, to a Receiving Party, shall in no way constitute the voluntary disclosure of such Document.

b.      The inadvertent disclosure or production of any Document in this action shall not result in the waiver of any privilege, evidentiary protection, or other protection associated with such Document as to the Receiving Party or any third parties, and shall not result in any waiver, including subject matter waiver, of any kind.

c.      If, during the course of this litigation, a party determines that any Document produced by another party is or may reasonably be subject to a legally recognizable privilege or evidentiary protection ("Protected  Document"):

(i)      the Receiving Party shall: (A) refrain from reading the Protected Document any more closely than is necessary to ascertain that it is privileged or otherwise protected from disclosure; (B) immediately notify the Producing Party in writing that it has discovered Documents believed to be privileged or protected; (C) specifically identify the Protected Documents by Bates number range or hash value; and (D) within ten (10) days of discovery by the Receiving Party, return, sequester, or destroy all copies of such Protected Documents, along with any notes, abstracts, or compilations of the content thereof.  To the extent that a Protected Document has been loaded into a litigation review database under the control of the Receiving Party, the Receiving Party shall have all electronic copies of the Protected Document extracted from the database.  Where such Protected Documents cannot be destroyed or separated, they shall not be reviewed, disclosed, or otherwise used by the Receiving Party.  Notwithstanding, the Receiving Party is under no obligation to search or review the Producing Party's Documents to identify potentially privileged or work product Protected

Documents.

(ii)     If the Producing Party intends to assert a claim of privilege or other protection over Documents identified by the Receiving Party as Protected Documents, the Producing Party will, within ten (10) days of receiving the Receiving Party's written notification described above, inform the Receiving Party of such intention in writing and shall provide the Receiving Party with a log for such Protected Documents that is consistent with the requirements of the Federal Rules of Civil Procedure, setting forth the basis for the claim of privilege or other protection.  In the event that any portion of a Protected Document does not contain privileged or protected information, the Producing Party shall also provide to the Receiving Party a redacted copy of the document that omits the information that the Producing Party believes is subject to a claim of privilege or other protection.

d.     If, during the course of this litigation, a party determines it has produced a Protected Document:

(i)     the Producing Party may notify the Receiving Party of such inadvertent production in writing and demand the return of such documents.  Such notice shall be in writing, however, it may be delivered orally on the record at a deposition, promptly followed up in writing.  The Producing Party's written notice will identify the Protected Document inadvertently produced by bates number range or hash value, the privilege or protection claimed, and the basis for the assertion of the privilege, and shall provide the

Receiving Party with a log for such Protected Documents that is consistent with the requirements of the Federal Rules of Civil Procedure, setting forth the basis for the claim of privilege or other protection.  In the event that any portion of the Protected Document does not contain privileged or protected information, the Producing Party shall also provide to the Receiving Party a redacted copy of the Document that omits the information that the Producing Party believes is subject to a claim of privilege or other protection.

(ii)    The Receiving Party must, within ten (10) days of receiving the Producing Party's written notification described above, return, sequester, or destroy the Protected Document and any copies, along with any notes, abstracts, or compilations of the content thereof.  To the extent that a Protected Document has been loaded into a litigation review database under the control of the Receiving Party, the Receiving Party shall have all electronic copies of the Protected Document extracted from the database.

e.    To the extent that the information contained in a Protected Document has already been used in or described in other documents generated or maintained by the Receiving Party prior to the date of receipt of written notice by the Producing Party as set forth in paragraphs (c)(ii) and d(i), then the Receiving Party shall sequester such documents until the claim has been resolved.  If the Receiving Party disclosed the Protected Document before being notified of its inadvertent production, it must take reasonable steps to retrieve it.

f.    The Receiving Party's return, sequestering, or destruction of Protected Documents as provided herein will not act as a waiver of the Requesting Party's right to move for

the production of the returned, sequestered, or destroyed documents on the grounds that the documents are not, in fact, subject to a viable claim of privilege or protection.  However, the Receiving Party is prohibited and estopped from arguing that:

    (i)    the disclosure or production of the Protected Documents acts as a waiver of an applicable privilege or evidentiary protection;

    (ii)    the disclosure of the Protected Documents was not inadvertent;

    (iii)    the Producing Party did not take reasonable steps to prevent the disclosure of the Protected Documents; or

    (iv)    the Producing Party failed to take reasonable or timely steps to rectify the error pursuant to Federal Rule of Civil Procedure 26(b)(5)(B), or otherwise.

g.    Either party may submit Protected Documents to the Court under seal for a determination of the claim of privilege or other protection.  The Producing Party shall preserve the Protected Documents until such claim is resolved.  The Receiving Party may not use the Protected Documents for any purpose absent this Court's Order.

h.    Upon a determination by the Court that the Protected Documents are protected by the applicable privilege or evidentiary protection, and if the Protected Documents have been sequestered rather than returned or destroyed by the Receiving Party, the Protected Documents shall be returned or destroyed within ten (10) days of the Court's order.  The Court may also order the identification by the Receiving Party of Protected Documents by search terms or other means.

i.    Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, data (including electronically stored information), and other information, including, without limitation, metadata, for relevance, responsiveness, and/or the

segregation of privileged and/or protected information before such information is produced to another party.

        j.     By operation of the parties' agreement and Court Order, the parties are specifically afforded the protections of FRE 502 (d) and (e).

    14.

**Voluntary Waiver** ~~This Order do~~es not preclude a Party from voluntarily waiving the attorney-client privilege or work product protection.

    15.    **Additional Parties.**  In the event additional Parties join or are joined in the Litigation, they shall not have access to "Confidential" or "Highly Confidential -- Attorneys' Eyes Only" Discovery Material until the newly joined Party by its counsel has executed and filed with the Court its agreement to be fully bound by this Order.  The Parties agree that the production of any Discovery Material by any non-Party shall be subject to and governed by the terms of this Order.  Any non-Party who is also a Producing Party shall have the benefit of this Order, and shall be entitled to enforce its terms, if such non-Party agrees to be bound hereby.

    16.    **Disposition Upon Termination of Litigation.**

        a.     Within sixty (60) days after receiving notice of the entry of an order, judgment, or decree finally disposing of the Litigation in which Confidential Discovery Material is permitted to be used, including the exhaustion of all possible appeals, and upon the written request of the Producing Party, and subject to paragraphs (d) and (e) below, all persons having received Confidential Discovery Material, including any and all copies, abstracts, summaries, physical medium by which data was transmitted, and readable reports or output from the physical medium by which data was transmitted, shall either (i) make a good faith and reasonable effort to return such material and all copies thereof (including summaries and excerpts) to counsel for the Producing Party; or (ii) certify to counsel for the opposing party, in writing, that any and all such

Confidential Discovery Material has been destroyed.

        b.    If Confidential Discovery Material is furnished to outside experts or consultants pursuant to paragraph 5(b), the attorney for the party using such expert or consultant shall have the responsibility of ensuring that all such "Confidential" or "Highly Confidential -- Attorneys' Eyes Only" Discovery Material, including any and all copies, abstracts, summaries, physical medium by which data was transmitted, and readable reports or output from the physical medium by which data was transmitted, is returned to the producing party or destroyed, and so certifying in writing as provided in sub-part (a) above.

        c.    If "Confidential" or "Highly Confidential -- Attorneys' Eyes Only" Discovery Material has been loaded into any litigation review database, the attorney for the party using such database shall have the responsibility of ensuring that all such "Confidential" or "Highly Confidential -- Attorneys' Eyes Only" Discovery Material (including all associated images and native files), are extracted from such databases (including any associated staging databases) and destroyed.  "Destroyed" shall mean deletion of documents from all databases, applications, and/or file systems in a manner such that they are not readily accessible without the use of specialized tools or techniques typically used by a forensic expert.

        d.    Outside counsel of record for the Parties shall be entitled to one archival copy of all documents filed with the court, hearing transcripts, correspondence, deposition transcripts and deposition exhibits, expert reports, attorney notes and work product, and consultant and expert work product, even if such materials contain "Confidential" or "Highly Confidential -- Attorneys' Eyes Only" Material.  Such copies shall remain subject to the terms of this Order.

        e.    The parties, counsel of record for the parties, and experts or consultants for a party shall not be required to return or to destroy any "Confidential" or "Highly Confidential --

Attorneys' Eyes Only" Discovery Material to the extent it is (i) stored on media that is generally considered not reasonably accessible, such as disaster recovery backup tapes, or (ii) only retrievable through the use of specialized tools or techniques typically used by a forensic expert; provided that to the extent any "Confidential" or "Highly Confidential -- Attorneys' Eyes Only" Discovery Material is not returned or destroyed due to the foregoing reasons, it shall remain subject to the confidentiality obligations of this Order.

17.    **Information Security Protections.**  Any person in possession of another party's "Confidential" ~~or "Highly Confidential -- Attor~~neys' Eyes Only" Discovery Materials shall maintain a written information security program that includes reasonable administrative, technical,

and physical safeguards designed to protect the security and confidentiality of such "Confidential" or "Highly Confidential -- Attorneys' Eyes Only" Information, protect against any reasonably anticipated threats or hazards to the security of such "Confidential" or "Highly Confidential -- Attorneys' Eyes Only" Discovery Material, and protect against unauthorized access to or use of such "Confidential" or "Highly Confidential -- Attorneys' Eyes Only" Discovery Material. To the extent a person or party does not have an information security program, they may comply with this provision by having the "Confidential" or "Highly Confidential -- Attorneys' Eyes Only" Information managed by and/or stored with eDiscovery vendors or claims administrators that maintain such an information security program.

a.    If the Receiving Party discovers a breach of security, including any actual or suspected unauthorized access, relating to another party's "Confidential" or "Highly Confidential -- Attorneys' Eyes Only" Information, the Receiving Party shall: (1) promptly provide written notice to Designating Party of such breach; (2) investigate and take reasonable efforts to remediate the effects of the breach, and provide Designating Party with assurances

reasonably satisfactory to Designating Party that such breach shall not recur; and (3) provide sufficient information about the breach that the Designating Party can reasonably ascertain the size

and scope of the breach. If required by any judicial or governmental request, requirement, or order to disclose such information, the Receiving Party shall take all reasonable steps to give the Designating Party sufficient prior notice in order to contest such request, requirement, or order through legal means. The Receiving Party agrees to cooperate with the Designating Party or law enforcement in investigating any such security incident. In any event, the Receiving Party shall promptly take all necessary and appropriate corrective action to terminate the unauthorized access

18.    **Restrictions on Use of AI to process "Confidential" and "Highly Confidential -- Attorneys' Eyes Only" Discovery Material**  Absent notice to and written permission from the Producing Party, any person or entity authorized to have access to "Confidential" or "Highly Confidential -- Attorneys' Eyes Only" Discovery Material under the terms of this Order:

a.    shall not use or employ any application, service, or analytical software that will transfer, transmit, send, or allow access to "Confidential" or "Highly Confidential -- Attorneys' Eyes Only" Discovery Material, in whole or in part – including metadata – unless such application, service or analytical software:

(i)    does not further transfer the "Confidential" or "Highly Confidential -- Attorneys' Eyes Only" Discovery Material to another provider, unless the Receiving Party has confirmed through due diligence that the security and privacy controls of and contractual obligations for such provider allow that Party to comply with its obligations under this Protective Order; and

(ii)    provides the Receiving Party the ability to remove or delete from the system all "Confidential" or "Highly Confidential -- Attorneys' Eyes Only"

Discovery Material.

b.    shall not permit any "Confidential" or "Highly Confidential -- Attorneys' Eyes Only" Discovery Material to be used to train any artificial intelligence tool.

These restrictions apply to the use of advanced or generative AI tools from OpenAI's GPT or ChatGPT, Harvey.AI, Google's Bard, Anthropic's Claude, and similar tools or applications.

19.    **Use in Court Proceedings.**    In the event that any "Confidential" or "Highly Confidential -- Attorneys' Eyes Only" Discovery Material is used in any court proceeding in the Litigation or any appeal therefrom, said "Confidential" or "Highly Confidential -- Attorneys' Eyes Only" Discovery Material shall not lose its status as "Confidential" or "Highly Confidential -- Attorneys' Eyes Only" Discovery Material through such use unless such Discovery Material becomes part of the public record.  Prior to any Court proceeding in which "Confidential" or "Highly Confidential -- Attorneys' Eyes Only" Discovery Material is to be used, Counsel shall confer in good faith on such procedures that may be necessary or advisable to protect the confidentiality of any such Discovery Material.

20.    **Third Party Requests for Production.**    If any Receiving Party receives a subpoena or other compulsory process seeking the production or other disclosure of such "Confidential" or "Highly Confidential -- Attorneys' Eyes Only" Discovery Material, the Receiving Party shall give counsel for the Producing Party (or Producing Parties) written notice by email and telephone notice within three (3) business days of receipt of such subpoena or other compulsory process, identifying the "Confidential" or "Highly Confidential -- Attorneys' Eyes Only" Discovery Material sought and enclosing a copy of the subpoena or other compulsory process.  If the Producing Party timely seeks a protective order, the Party to which the subpoena or other compulsory process was issued or served shall not produce the "Confidential" or "Highly

Confidential -- Attorneys' Eyes Only" Discovery Material called for prior to receiving a court order or the consent of the Producing Party. The Producing Party shall be solely responsible for asserting and pursuing any further objection to the requested production. Nothing herein shall be construed as requiring the Receiving Party or anyone else covered by this Order to challenge or appeal any order requiring production of "Confidential" or "Highly Confidential -- Attorneys' Eyes Only" Discovery Material covered by this Order, or to subject itself to any penalties for non-compliance with any legal process or order, or to seek any relief from this Court. In the event that

such Discovery Material containing "Confidential" or "Highly Confidential -- Attorneys' Eyes Only" Discovery Material is produced to the non-Party, such material shall still be treated in accordance with the designation as "Confidential" or "Highly Confidential -- Attorneys' Eyes Only" by the Parties to this Order.

21.    **Right to Seek Further Relief.** Nothing in this Order shall preclude any Party from seeking judicial relief, upon notice to every other Party, with regard to any provision hereof, or with regard to any other discovery dispute that may arise.

22.    **Other Proceedings.** By entering this Order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this Order who becomes subject to a motion to disclose another party's information designated "Confidential" or "Highly Confidential -- Attorneys' Eyes Only" pursuant to this Order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

23.    **Immediate Effect.** The Parties agree to be bound by the terms of this Order pending the entry by the Court of this Order, and any violation of its terms shall be subject to the

same sanctions and penalties, as if this Order had been entered by the Court.

24.    The parties acknowledge that the Court retains discretion as to whether, in Orders and Opinions, to afford confidential treatment to information that the parties have redacted, sealed, or designated as confidential.

LITTLER MENDELSON, P.C.

_____
Eli Z. Freedberg
efreedberg@littler.com
Roya Aghanori
raghanori@littler.com
900 Third Avenue
New York, New York 10022.3298
Telephone:    212.583.9600
Facsimile:    212.832.2719

*Attorneys for Defendants*

Dated: June 11, 2025
           New York, New York

*PECHMAN LAW GROUP PLLC*

_____
Louis Pechman
pechman@pechmanlaw.com
Gianfranco J. Cuadra
cuadra@pechmanlaw.com
488 Madison Avenue, 17th Floor
New York, New York 10022
Telephone:    (212) 583–9500

Law Offices of Mitchell Schley, LLC
Mitchell Schley
mschley@schleylaw.com
Telephone:    (732) 325-0318

*Attorneys for Plaintiff and the Proposed Class
& Collective*

Dated: June 11, 2025
           New York, New York

**IT IS SO ORDERED.**

Dated: _____        _____
                                                         Lorna G. Schofield, U.S.D.J.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Ricky Hernandez, on behalf of himself and all others similarly situated,<br><br>      Plaintiff,<br><br>v.<br><br>WTS International, LLC d/b/a Arch Amenities Group,<br><br>      Defendant. | Case No. 1:24-cv-09931-LGS |

## AGREEMENT TO BE BOUND

I understand that confidential documents and/or information are being provided and disclosed to me solely for purposes related to the above-captioned action pending in the Southern District of New York. I have been advised that such documents and the information contained therein may not be disclosed or used for any purpose whatsoever other than in connection with my acting as an expert, consultant, or witness in this case.

I acknowledge receipt of a copy of the Protective Order between the parties in the above-referenced case and I agree to be bound by its terms, including the provisions regarding information security and AI use in paragraphs 17 and 18. I have been advised that any unauthorized use or disclosure of such information may subject me to sanctions by the Court and I submit myself to the jurisdiction of the above-referenced Court with regard to any dispute regarding my use or disclosure of such information. I will return all information that comes into my possession to the counsel who provided it to me at the conclusion of this action.

Signature: _____      Dated: _____
Printed Name: _____
Position: _____
Address: _____